IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 5:07-cr-9-RS-GRJ

RAPHAEL MARICE TINSLEY

_____/

# REPORT AND RECOMMENDATION

This cause is before the Court on Doc. 49, Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and Doc. 53, the Government's motion to dismiss the § 2255 motion as untimely. The Defendant has filed a reply in opposition to the motion to dismiss, Doc. 54, and therefore this matter is ripe for determination. For the following reasons, the undersigned recommends that the Government's motion to dismiss be granted.

Section 2255 provides:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "A 1-year period of limitation shall apply to a motion under this section." *Id*. at § 2255(f). The one-year limitations period runs from the latest of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. Further, "in the proper case, § 2255's period of limitations may be equitably tolled." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271; *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir.2004) (movant bears burden of establishing entitlement to extraordinary remedy of equitable tolling) (§ 2254 case).

Defendant pled guilty to an indictment charging him with possession with intent to distribute a substance containing 50 grams or more of cocaine base, commonly known as "crack cocaine." Docs. 11, 24. The factual basis for the guilty plea established that the weight of the cocaine base both in Defendant's possession and sold by Defendant to an informant was over 50 grams. Doc. 22. Defendant affirmed in his plea agreement that the Government could present evidence to demonstrate beyond a reasonable doubt that he possessed with intent to distribute more than 50 grams of cocaine base on January 27, 2007. Doc. 23. Pursuant to his plea, Defendant was sentenced to life imprisonment. Doc. 29.

The judgment of conviction in this case was entered on June 13, 2007. Doc. 29. Defendant did not appeal. For purposes of the limitations period, Defendant's conviction became final when the 10-day period for filing an appeal elapsed on June

27, 2007 (excluding intervening Saturdays and Sundays). *See* Fed. R. App. P. 4(b)(1)(a), 26(a)(2) (2007). The limitations period expired one year later, on June 27, 2008. Thus, the instant motion to vacate, filed on October 24, 2012, is plainly time-barred unless Defendant can established that he is entitled to the benefit of a later limitations period or to equitable tolling.

Even liberally construed, Defendant makes no argument that he is entitled to a limitations period that runs from one of the other events described in § 2255(f), nor does he assert that the applicable limitations period should be equitably tolled. Rather, Defendant contends that he should be excused from application of the limitations period on the basis of "actual innocence." Doc. 54. Defendant contends that he is actually innocent of the offense of conviction because the Supreme Court in *DePierre v. United States*, ___ U.S. ___, 131 S.Ct. 2225 (2011), "decriminalized 'crack cocaine' and made that charge a non-existent offense," such that any defendant who entered a plea charging them with a "crack cocaine" offense is entitled to dismissal of the charges. Doc. 54 at 9.

As the Government points out, there is no controlling authority for the proposition that an "actual innocence" exception to the limitations period exists. Moreover, Defendant has failed to show that he is actually innocent of the offense of conviction. "Actual innocence" in this context means factual innocence, not mere legal insufficiency. See *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). To demonstrate "actual innocence" a habeas petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The "fundamental miscarriage of justice" gateway is

open to a petitioner who submits new evidence showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

In *DePierre*, the Supreme Court clarified the definition of the term "cocaine base" as used in 21 U.S.C. § 841(b)(1) by concluding that the term "cocaine base" refers to cocaine in its chemically basic form and not just to what is colloquially known as "crack cocaine." The decision did not recognize any new right that would afford Defendant relief from his sentence under § 2255, and does not provide authority for the proposition that Defendant's offense of conviction – possession with intent to distribute more than 50 grams of cocaine base – has been "decriminalized."

In light of the foregoing, it is respectfully **RECOMMENDED** that the Government's motion to dismiss, Doc. 53, be **GRANTED,** and Defendant's motion pursuant to 28 U.S.C. § 2255, Doc. 49, be **DISMISSED** as untimely under 28 U.S.C. § 2255(f).

**IN CHAMBERS** at Gainesville, Florida, this 15th day of January, 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**